**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

COREY FARRIS,

       Plaintiff,                                Case No. 08-CV-11851
                                                  Hon. Gerald E. Rosen
v.                                                       Mag. Mona K. Majzoub

MORGAN STANLEY DEAN WITTER
CREDIT CORPORATION, and
CENLAR, FSB,

       Defendants.
_____/

**ORDER GRANTING DEFENDANTS MORGAN STANLEY AND CENLAR'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

                      At a session of said Court, held in
                 the U.S. Courthouse, Detroit, Michigan
                 on            July 29, 2010

                 PRESENT:  Honorable Gerald E. Rosen
                                      Chief Judge, United States District Court

## I. INTRODUCTION

This matter is presently before the Court on the amended motion to dismiss or, alternatively, for summary judgment filed by Defendants Morgan Stanley Dean Witter Credit Corporation and Cenlar, FSB.[1] Plaintiff Corey Farris alleges that Defendants

---

[1] This case was originally filed against seven defendants. Plaintiff voluntarily dismissed his complaint against Greenpoint Mortgage, Dovenmuehle Mortgage, Inc., and Equifax, Inc., without prejudice, and against Household Finance Corp., III, with prejudice. Defendants Morgan Stanley Dean Witter Credit Corporation and Cenlar, FSB, stipulated to a voluntarily dismissal of the case without prejudice on January 21, 2009. The case was reinstated against only the latter two defendants on September 4, 2009. An amended complaint was filed September 18, 2009.

Morgan Stanley Dean Witter Credit Corporation and Cenlar, FSB, violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, by failing to: (1) report Plaintiff's debts as "disputed;" and (2) reinvestigate the debts after being informed by Plaintiff of the allegedly false or inaccurate information in his accounts. Through the present motion, Defendants now argue that there is no private right of action against a "furnisher" of credit information under the FCRA for failure to provide accurate information to a consumer reporting agency. Defendants further contend that, even if such a private cause of action exists, neither Defendant has a duty to reinvestigate the debts at issue.

Discovery in this matter closed on May 15, 2010. Defendants' motion was timely filed on June 10, 2010. Plaintiff has failed to file a response.[2] Having reviewed Defendants' brief in support of the motion and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendant's motion "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court's order and opinion is set forth below.

---

[2] Under Local Rules, a respondent opposing a motion must file a response, including a brief and supporting documents then available. Local Rule 7.1(c)(1), U.S. District Court, Eastern District of Michigan. A response to a dispositive motion must be filed within 21 days after service of the motion. Local Rule 7.1(e)(1)(B).

## II. FACTUAL BACKGROUND

In 2003, Plaintiff Corey Farris refinanced his home in Canton, Michigan, for $215,000.00 through Greenpoint Mortgage. At some point thereafter, Morgan Stanley Dean Witter Credit Corporation (hereinafter "Morgan Stanley") became the main servicer of Plaintiff's loan. Cenlar, FSB, a federally chartered savings bank from New Jersey, is the sub-servicer for Morgan Stanley. In April 2005, Plaintiff filed for Chapter 7 bankruptcy, and included the Morgan Stanley/Greenpoint Mortgage account, as well as others. He received a bankruptcy discharge of the mortgage in September 2005. Subsequently, his home in Canton was foreclosed.

In May 2006, Plaintiff tried to refinance a mortgage on a separate property—his condominium—through Michael Bobbish at Quicken Loans. He was denied the refinance because his prior bankruptcy and foreclosure appeared on his Trans Union and Equifax credit reports. In reviewing the credit reports, Plaintiff found that the Morgan Stanley/Greenpoint Mortgage debt had been reported by Morgan Stanley to the credit bureaus. Thereafter, Plaintiff allegedly contacted Defendants and advised them that it was his belief that the foreclosure should not have been reported since Plaintiff had received a bankruptcy discharge. Through written and oral communication with various representatives from both Defendants, Plaintiff believed that these alleged errors were corrected. He claims that over the course of the following year, in numerous conversations over the phone, Morgan Stanley repeatedly provided Plaintiff with the same explanation: Morgan Stanley had a new sub-servicer, no foreclosure should have

been reported, and the errors that were affecting Plaintiff's credit resulted from the adoption of "new system" that allegedly required a change in existing account numbers. Plaintiff alleges that during this same period he began contacting the credit bureaus to dispute the foreclosure reported by Morgan Stanley. After several months of correspondence and trading of documentation, the foreclosure reported from Morgan Stanley was deleted.

In May 2007, believing that the errors were corrected, Plaintiff attempted to refinance his condominium through Aelene Vanderveen at Priority Home Loans. The refinance was denied, again because Plaintiff's bankruptcy and foreclosure had not been removed from, or had been removed then subsequently reappeared on, his credit reports. In addition, Plaintiff found that a new incorrect item had been reported to the credit reporting agencies, a foreclosure dated May 2007.

Finally, after still more correspondence and alleged reassurances from Morgan Stanley that the foreclosure would not be reported, Plaintiff applied to refinance his condominium on August 13, 2007, through David Blatt and Jason Pytlak of First Alliance Mortgage, and for the third time in sixteen months, Plaintiff was denied due to the foreclosure information reappearing on his credit reports.

In the present lawsuit, Plaintiff claims: "No financial institution was willing to accept [him] as a customer due to the major errors on his credit reports and the consequential damage to his credit scores." (Am. Compl. ¶ 24.) He alleges that both Defendants violated the FCRA:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which Defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known to the defendants;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof;

f. By willfully and negligently changing account numbers and account number designations so as to make reinvestigation and deletion more difficult for the consumer, but in turn more lucrative for bureaus and furnisher because derogatory account information will remain on credit reports longer;

g. By willfully and negligently violated [sic] the reinsertion requirements of 15 U.S.C. § 1681i(a)(5)(B) in reinserting derogatory information onto Plaintiff's credit reports after he had previously disputed it, without certification or notice.

h. By willfully and negligently failing to provide notice to Plaintiff of the furnishing of negative credit information to credit reporting agencies; and

i. By willfully and negligently failing to provide such information to the credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute, and thus causing the credit report to the credit bureaus to be inaccurate and incomplete.

(Am. Compl. ¶ 46.) Defendants argue that these claims fail as a matter of law because

there is no private right of action under the cited section of the FCRA and because no duty to reinvestigate the disputed information was ever triggered.

## III. ANALYSIS

**A.     Standards Applicable to Defendants' Motion**

Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). However, for a complaint to withstand a motion to dismiss "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," even with the benefit of the "assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 at 555 (2007) (footnote and citations omitted).

In the alternative, Defendants' motion seeks an award of summary judgment under Fed. R. Civ. P. 56. Under Rule 56, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). As the Supreme Court has explained, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). In addition, where a moving party seeks an award of summary judgment in its favor on an issue as to which it bears the burden of proof, this party's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986) (internal quotation marks, citation, and emphasis omitted). In deciding a motion brought under Rule 56, the Court must view the evidence in a light most favorable to the nonmoving party. *Pack v. Damon Corp.*, 434 F.3d 810, 813 (6th Cir.2006). However, the nonmoving party "may not rely merely on allegations or denials in its own pleading," but "must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

**B.      Plaintiff Has Standing Under § 1681s-2(b).**

The FCRA regulates the field of consumer reporting and governs the collection and use of consumer credit information. The purpose of the Act is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). The Act covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies. *Ruggiero v. Kavlich*, 411 F. Supp.

7

2d 734, 736 (N.D. Ohio 2005).

In this case, Plaintiff asserts that he is a consumer as the term is defined by 15 U.S.C. § 1681a(c), and that Defendants are furnishers of information "as defined by 15 U.S.C. § 1681s-2." (Am. Compl. ¶ 7.) Section 1681s-2 does not in fact define "furnisher." Rather, courts have defined the term as "any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies." *Carney v. Experian Information Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999). Defendants do not dispute that they qualify as furnishers of information under the Act.

The FCRA imposes two broad duties on entities that furnish information to a credit reporting agency: (1) a duty to provide accurate information, § 1681s-2(a); and (2) a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency, § 1681s-2(b).

There is no private cause of action for consumers against furnishers of information for failure to comply with § 1681s-2(a). *See Elsady v. Rapid Global Business Solutions, Inc.*, No. 09-11659, 2010 WL 2740154, at *5 (E.D. Mich. Jul. 12, 2010); *Ruggiero*, 411 F. Supp. 2d at 736; *Carney*, 57 F. Supp. 2d at 502. Enforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials. 15 U.S.C. § 1681s-2(d). Therefore, Plaintiff may not sue Defendants for allegedly furnishing inaccurate information.

With respect to the duty under § 1681s-2(b) to undertake an investigation, some

federal courts disagree as to whether the FCRA creates a private cause of action for a consumer against a furnisher of credit information. *Compare Carney*, 57 F. Supp. 2d at 502 (individual consumer cannot state a claim, only a consumer reporting agency can) and *Zamos v. Asset Acceptance, LLC*, 423 F. Supp. 2d 777, 788 (N.D. Ohio 2006), with *Nelson v. Chase Manhattan Mortg. Co.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (individual consumer can state a claim) and *Wenner v. Bank of America, NA*, 637 F. Supp. 2d 944 (D. Kan. 2009). More recently, several courts in this circuit have adopted the latter approach, permitting private causes of action. *See Khalil v. Transunion, LLC*, No. 08-10303, 2008 WL 2782912, at *7 (E.D. Mich. Jul. 17, 2008); *Sweitzer v. American Express Centurion Bank*, 554 F. Supp. 2d 788, 794 (S.D. Ohio 2008); *Stafford v. Cross Co. Bank*, 262 F. Supp. 2d 776, 783-784, 783 n. 4 (W.D. Ky. 2003). The Sixth Circuit indicated in an unpublished opinion that such a right to a private cause of action exists. *Bach v. FirstUnion Nat. Bank*, 149 Fed. Appx. 354, 359-60 (6th Cir. 2005) ("While a consumer cannot bring a private cause of action for a violation of a furnisher's duty to report truthful information, a consumer may recover damages for . . . violation of 15 U.S.C. § 1681s-2(b)(A)-(D)."). Based on the language of the statute and the foregoing case law, the Court concludes that Plaintiff has standing to bring a private cause of action for violations of 15 U.S.C. § 1681s-2(b), as authorized by sections 1681n and 1681o of the Act (providing for civil liability for willful or negligent violation of duties under the FCRA).

**C.     Plaintiff Fails to State a Claim Under Section 1681s-2(b).**

Under section 1681s-2(b), when a furnisher of information receives notice of dispute, it must (1) conduct an investigation, (2) review any information provided by the consumer reporting agency, (3) report the results of the investigation to the consumer reporting agency, (4) report any inaccuracies to all consumer reporting agencies which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides. 15 U.S.C. § 1681s-2(b). These additional obligations are not triggered until a furnisher of information has received notification pursuant to 15 U.S.C. § 1681 i(a)(2). Section 1681i(a)(2), in turn, provides that *a consumer reporting agency* must provide a furnisher of credit information with prompt notice when a consumer disputes information. 15 U.S.C. § 1681i(a)(2); *see also Misialowski v. DTE Energy Co.*, No. 07-14452, 2008 WL 2998948, at *3, (E.D. Mich. Aug.1, 2008) ("[T]he duties under [15 U.S.C. § 1681s-2(b) ] are triggered only by notice from a consumer reporting agency; notice from the consumer is insufficient.") (citing *Downs v. Clayton Homes, Inc.*, 88 Fed. App'x 851, 853 (6th Cir. 2004)).

In this case, Plaintiff has not alleged that the consumer reporting agencies notified Defendants of the disputed information. The amended complaint indicates only that Plaintiff contacted Defendants or their agents and, separately, contacted the consumer reporting agencies. No evidence has been submitted to the Court in support of Plaintiff's theory of the case. Therefore, the Court finds that Plaintiff has not alleged facts that indicate whether Defendants' duties to reinvestigate the disputed information were ever triggered under the FCRA. *See Ruggiero*, 411 F. Supp. 2d at 737 n.1 (dismissing

plaintiff's case because "[t]here is no allegation in the Complaint that Defendants furnished any information to any credit reporting agency; merely that they failed to remove any reference to [the dispute information] from [plaintiff's] credit report"). Had Plaintiff responded to Defendants' motion with evidence addressing these deficiencies, the Court's findings may well have been different. However, discovery in this matter is now closed and the Court has no record from which to reach a different conclusion. Plaintiff has no standing to bring a claim under § 1681s-2(a) and he fails to state or otherwise proffer any evidence in support of the essential elements of a claim under § 1982s-2(b). Accordingly, the Court will grant Defendants' motion and dismiss the case with prejudice.

## IV. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants Morgan Stanley Dean Witter and Cenlar's Amended Motion to Dismiss and/or for Summary Judgment (docket # 56) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is DISMISSED with prejudice.


       s/Gerald E. Rosen
       Chief Judge, United States District Court

Dated: July 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2010, by electronic and/or ordinary mail.

                                s/Ruth A.Gunther
                                Case Manager
                                (313) 234-5137